**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| HORIZON GROUP USA, INC., |
| *Plaintiff*, |
| v. |
| TRI-COASTAL DESIGN GROUP, INC., |
| *Defendant*. |

Civil Action No.:

**Jury Trial Demanded**

## COMPLAINT

Horizon Group USA, Inc. ("Horizon"), by and through its undersigned counsel, as and for its Complaint against Tri-Coastal Design Group, Inc. ("Defendant"), alleges as follows:

### NATURE OF THE CASE

1.     This lawsuit concerns Defendant's unfair and unscrupulous business methods.

2.     Horizon is a leading supplier of activity kits in the United States.

3.     On information and belief, Defendant obtained samples of at least three of Horizon's activity kits from the kits' manufacturer.  Defendant then short-circuited the time and costs attendant to developing its own activity kits by copying the theme, packaging trade dress, components, and component-layout and configuration of and for Horizon's kits.  Consequently, Defendant is undercutting Horizon in the marketplace by selling Defendant's confusingly similar activity kits at prices lower than Horizon's activity kits.

4.     Based on the foregoing, Horizon brings this action against Defendant for: (i) federal trade-dress infringement under 15 U.S.C. § 1125(a); (ii) federal unfair competition

1

under 15 U.S.C. § 1125(a); (iii) unfair competition under N.J.S.A. § 56:4-1; and (iv) unfair competition under New Jersey common law

## THE PARTIES

5.     Horizon is a New Jersey corporation, with a principal place of business at 45 Technology Drive, Warren, New Jersey 07059.

6.     On information and belief, Defendant is a New Jersey corporation, with a principal place of business at 40 Harry Shupe Boulevard, Wharton, New Jersey 07885.

## JURISDICTION AND VENUE

7.     The claims for federal trade-dress infringement and federal unfair competition asserted in Counts I and II *infra* arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C.   §§ 1051 *et seq*. (hereinafter the "Lanham Act").  Therefore, this Court has subject matter and original jurisdiction over Counts I and II pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), respectively.

8.     The claims for unfair competition asserted in Counts III and IV *infra* arise under New Jersey statutory and common law, and are so related to the federal claims asserted in Counts I and II *infra* that they form part of the same case or controversy.  Therefore, this Court has subject matter jurisdiction over Counts III and IV pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9.     On information and belief, (i) Defendant is a New Jersey corporation; (ii) Defendant's corporate headquarters is in the State of New Jersey; and (iii) Defendant transacts and solicits business within the State of New Jersey (including within this judicial district) on a regular and continuous basis.  Therefore, this Court has personal jurisdiction over Defendant.

10.     As discussed *infra*, Defendant's wrongful acts and conduct occurred in substantial part in the State of New Jersey, including within this judicial district.  Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

11.     As discussed *supra*, Defendant is subject to personal jurisdiction in the State of New Jersey, including within this judicial district.  Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

<u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

**I.     Horizon**

12.     Horizon is a leading supplier of activity kits in the United States.

**II.     Horizon's STMT Brand Activity Kits and Trade Dress**

13.     One of Horizon's many popular brands is "STMT."

14.     STMT is a brand of do-it-yourself bath, beauty, and craft activity kits (the "STMT Brand Kits").

15.     The packaging for Horizon's STMT Brand Kits consists of: (i) a light-blue color scheme; (ii) the trademark "STMT" centered at the top of the consumer-facing packaging; and (iii) a transparent pane in the consumer-facing portion of the packaging that displays the kit's components (the foregoing "Horizon's STMT Trade Dress"):

  

 

16.     As shown in paragraph 15 *supra*, Horizon's STMT Trade Dress creates a uniform look and feel throughout Horizon's STMT Brand Kits.

17.     Horizon expended substantial time, labor, and expense developing its STMT Trade Dress.

18.     Horizon's STMT Trade Dress is inherently distinctive.

19.     Horizon's STMT Trade Dress has acquired distinctiveness.

20.     Horizon expends substantial time, labor, and expense on advertising, marketing, and promoting its STMT Brand Kits featuring its STMT Trade Dress.

21.     Horizon draws consumers' attention to Horizon's STMT Trade Dress by prominently displaying its STMT Brand Kits featuring the STMT Trade Dress at industry-leading trade shows and fairs.

22.     Consumers receive nationwide exposure to Horizon's STMT Brand Kits featuring the STMT Trade Dress at national retailers such as Target, and Hobby Lobby, as well as on e-commerce sites such as Amazon.com.

23.     Horizon's STMT Brand Kits featuring the STMT Trade Dress have received (and receive) widespread, unsolicited media coverage, and consumer reviews.  One example of this media coverage is *infra*:



24.     Because of Horizon's extensive advertising, marketing, and promotion of its STMT Brand Kits featuring the STMT Trade Dress, as well as unsolicited media coverage and consumer reviews of the same, consumers associate the STMT Trade Dress uniquely with Horizon and Horizon's STMT Brand Kits.

25.     Horizon's STMT Trade Dress is non-functional.

26.     Horizon's STMT Trade Dress is unique for activity-kit packaging.

27.     Horizon's STMT Trade Dress is ornamental and used on the packaging for Horizon's STMT Brand Kits for aesthetic and marketing purposes.

28.     Horizon plans to continue using its STMT Trade Dress on and in connection with its STMT Brand Kits.

29.     Horizon owns all right, title, and interest in and to the STMT Trade Dress.

30.     The STMT Trade Dress represents a valuable asset for Horizon.

## II.   Defendant's Unlawful Conduct

31.   On information and belief, Defendant is a supplier of, *inter alia*, bath and beauty-themed activity kits in the United States.

### A.  Defendant's Infringing Activity Kits

32.   Horizon's STMT Brand Kits include the inset Bath Bombs activity kit:



(the "Bath Bombs Kit")

33.   Horizon recently discovered that Defendant is advertising, marketing, promoting, offering for sale, and selling the inset Bath Bombs activity kit:



(the "Infringing Bath Bombs Kit")

34.   Defendant's Infringing Bath Bombs Kit copies the theme, STMT Trade Dress, components, and component-layout and configuration of and for Horizon's Bath Bombs Kit.

35.   Below is a side-by-side comparison of Defendant's Infringing Bath Bombs Kit (inset left) with Horizon's Bath Bombs Kit (inset right):

6

Defendant's Infringing Bath Bomb Kit         Horizon's Bath Bomb Kit




36. As shown in paragraph 35 *supra*, Defendant's Infringing Bath Bombs Kit has a bath-bombs theme.

37. As shown in paragraphs 32 and 35 *supra*, Horizon's Bath Bombs Kit has a bath-bombs theme.

38. As shown in paragraph 35 *supra*, the packaging trade dress for Defendant's Infringing Bath Bombs Kit includes a transparent pane that allows customers to see the Infringing Kit's components.

39. As shown in paragraphs 15, 32, and 35 *supra*, Horizon's STMT Trade Dress includes a transparent pane that allows customers to see the STMT Brand Kits' components (including, without limitation, Horizon's Bath Bombs Kit).

40. As shown in paragraph 35 *supra*, Defendant's Infringing Bath Bombs Kit includes the same components as Horizon's Bath Bombs Kit.

41. As shown in paragraph 35 *supra*, Defendant's Infringing Bath Bombs Kit includes the same component-layout and configuration as Horizon's Bath Bombs Kit.

42. On information and belief, Defendant markets its Infringing Bath Bombs Kit to the same customers that Horizon markets its Bath Bombs Kit.

7

43.     On information and belief, Defendant markets its Infringing Bath Bombs Kit to customers who want to create their own customized bath bombs.

44.     Horizon markets its Bath Bombs Kit to customers who want to create their own customized bath bombs.

45.     Horizon's STMT Brand Kits also include the inset Crystal Soaps activity kit:



(the "Crystal Soaps Kit")

46.     Horizon recently discovered that Defendant is advertising, marketing, promoting, offering for sale, and selling the inset Crystal Soaps activity kit:



(the "Infringing Crystal Soaps Kit")

47.     Defendant's Infringing Crystal Soaps Kit copies the theme, STMT Trade Dress, components, and component-layout and configuration of Horizon's Crystal Soaps Kit.

48.     Below is a side-by-side comparison of Defendant's Infringing Crystal Soaps Kit (inset left) with Horizon's Crystal Soaps Kit (inset right):

8

Defendant's Infringing Crystal Soaps Kit       Horizon's Crystal Soaps Kit

 

49.     As shown in paragraph 48 *supra*, Defendant's Infringing Crystal Soaps Kit has a crystal-soaps theme.

50.     As shown in paragraphs 45 and 48 *supra*, Horizon's Crystal Soaps Kit has a crystal-soaps theme.

51.     As shown in paragraph 48 *supra*, the packaging trade dress for Defendant's Infringing Crystal Soaps Kit includes a transparent pane that allows customers to see the Infringing Kit's components.

52.     As shown in paragraphs 15 and 48 *supra*, Horizon's STMT Trade Dress includes a transparent pane that allows customers to see the STMT Brand Kits' components (including, without limitation, Horizon's Crystal Soaps Kit).

53.     As shown in paragraph 48 *supra*, Defendant's Infringing Crystal Soaps Kit includes the same components as Horizon's Crystal Soaps Kit.

54.     As shown in paragraph 48 *supra*, Defendant's Infringing Crystal Soaps Kit includes the same component-layout and configuration as Horizon's Crystal Soaps Kit.

55.     On information and belief, Defendant markets its Infringing Crystal Soaps Kit to the same customers that Horizon markets its Crystal Soaps Kit.

56.    On information and belief, Defendant markets its Infringing Crystal Soaps Kit to customers who want to create their own customized tie-dyed, glittery soaps.

57.    Horizon markets its Crystal Soaps Kit to customers who want to create their own customized tie-dyed, glittery soaps.

58.    Horizon also supplies, advertises, markets, promotes, offers for sale, and sells a lip-balm themed activity kit under its "MINE 2 DESIGN" Brand:



(the "Lip Lab Kit")

59.    Horizon recently discovered that Defendant is advertising, marketing, promoting, offering for sale, and selling the inset Lip Balm Kit:



(the Infringing "Lip Balm Kit," together
with the Infringing Bath Bomb Kits, and Infringing Crystal Soaps Lits, the "Infringing Kits")

60.    Defendant's Infringing Lip Balm Kit copies the theme and components of Horizon's Lip Lab Kit.

61.    Below is a side-by-side comparison of Defendant's Infringing Lip Balm Kit (inset left) with Horizon's Lip Lab Kit (inset right):

Defendant's Infringing Lip Balm Kit          Horizon's Lip Lab Kit




62.    As shown in paragraph 61 *supra*, Defendant's Infringing Lip Balm Kit has a limp-balm theme.

63.    As shown in paragraph 61 *supra*, Horizon's Lip Lab kit has a lip-balm theme.

64.    As shown in paragraph 61 *supra*, Defendant's Infringing Lip Balm Kit includes the same components as Horizon's Lip Lab Kit.

65.    On information and belief, Defendant markets its Infringing Lip Balm Kit to the same customers that Horizon markets its Lip Lab Kit.

66.    On information and belief, Defendant markets its Infringing Lip Balm Kit to children who want to create customized colors and flavors of lip balm.

67.    Horizon markets its Lip Lab Kit to children who want to create customized colors and flavors of lip balm.

### B.  Defendant Copied Horizon's Kits

68.     Horizon expended substantial time, labor, resources, and skill on developing the theme, components, and component-layout and configuration for its Bath Bombs, Crystal Soaps, and Lip Lab Kits.

69.     Horizon expended substantial time, labor, resources, and skill on developing the STMT Trade Dress featured on Horizon's Bath Bombs and Crystal Soaps Kits.

70.     After Horizon developed the theme, packaging (including the STMT Trade Dress), components, and component-layout and configuration of and for Horizon Bath Bombs, Crystal Soaps, and Lip Lab Kits, Horizon contracted with Gold Orient ("GO") to manufacture the foregoing Kits.

71.     There are samples of Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits in GO's showroom.

72.     The samples of Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits in GO's showroom have the same theme, packaging (including the STMT Trade Dress), components, and component-layout and configuration as Horizon's Bath  Bombs, Crystal Soaps, and Lip Lab Kits shown in paragraphs 32, 45, and 58, respectively, of this Complaint.

73.     On information and belief, Defendant accessed samples of Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits in GO's showroom.

74.     On information and belief, Defendant copied the theme, packaging (including the STMT Trade Dress), components, and component-configuration and layout of and for the samples of Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits in GO's showroom.

75.     By copying the theme, packaging (including the STMT Trade Dress), components, and component-configuration and layout of and for Horizon's Bath Bombs, Crystal

Soaps, and Lip Lab Kits, Defendant avoided the time and expense attendant to developing activity kits.

76.     By copying the theme, packaging (including the STMT Trade Dress), components, and component-configuration and layout of and for Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits, Defendant is able to sell its Infringing Kits at lower prices than Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits.

## CLAIMS FOR RELIEF

### COUNT I
*(Federal Trade-Dress Infringement Under 15 U.S.C. § 1125(a))*

77.     Horizon incorporates paragraphs 1-76 of the Complaint as though fully set forth herein.

78.     Count I is for federal trade-dress infringement in violation of 15 U.S.C. § 1125(a).

79.     Horizon is the exclusive owner of all rights, title, and interest in and to the STMT Trade Dress.

80.     Horizon rights in and to the STMT Trade Dress predate any rights that Defendant could claim in and to the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits.

81.     Horizon's STMT Trade Dress is non-functional.

82.     Horizon's STMT Trade Dress is unique for activity-kit packaging.

83.     Horizon's STMT Trade Dress is distinctive as to the source of Horizon's STMT Brand Kits, and has acquired secondary meaning because consumers associate Horizon as the source of STMT Brand Kits featuring the STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kit).

84.     Defendant's use of its confusingly similar packaging trade dress in commerce to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Bath Bombs and Crystal Soaps Kits is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Horizon, and/or that Defendant is a licensee, authorized distributor, or affiliate of Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits), and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress are authorized, endorsed, sponsored or approved by Horizon, and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress originate with, are connected with, or are associated with Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits) or vice versa.

85.     Upon information and belief, Defendant copied, adopted, and uses its confusingly similar packaging trade dress for its Infringing Bath Bombs and Crystal Soaps Kits in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and commercial success of Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits).

86.     Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from the sale of Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress, to which it is not entitled in law or equity.

87.     Upon information and belief, Defendant's acts and conduct complained of herein constitute federal trade-dress infringement in violation of 15 U.S.C. § 1125(a).

88.     Horizon has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

89.     Horizon has no adequate remedy at law.

## COUNT II
*(Federal Unfair Competition Under 15 U.S.C. § 1125(a))*

90.     Horizon incorporates paragraphs 1-89 of the Complaint as though fully set forth herein.

91.     Count II is for federal unfair competition in violation of 15 U.S.C. § 1125(a).

92.     Horizon is the exclusive owner of all rights, title, and interest in and to the STMT Trade Dress.

93.     Horizon rights in and to the STMT Trade Dress predate any rights that Defendant could claim in and to the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits.

94.     Horizon's STMT Trade Dress is non-functional.

95.     Horizon's STMT Trade Dress is unique for activity-kit packaging.

96.     Horizon's STMT Trade Dress is distinctive as to the source of Horizon's STMT Brand Kits, and has acquired secondary meaning because consumers associate Horizon as the source of STMT Brand Kits featuring the STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kit).

97.     Defendant's use of its confusingly similar packaging trade dress in commerce to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Bath

Bombs and Crystal Soaps Kits is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Horizon, and/or that Defendant is a licensee, authorized distributor, or affiliate of Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits), and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress are authorized, endorsed, sponsored or approved by Horizon, and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress originate with, are connected with, or are associated with Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits) or vice versa.

98.     Upon information and belief, Defendant copied, adopted, and uses its confusingly similar packaging trade dress for its Infringing Bath Bombs and Crystal Soaps Kits in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and commercial success of Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits).

99.     Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from the sale of Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress, to which it is not entitled in law or equity.

100.     Upon information and belief, Defendant's acts and conduct complained of herein constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

101.    Horizon has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

102.    Horizon has no adequate remedy at law.

## COUNT III
*(Unfair Competition Under N.J.S.A. § 56:4-1)*

103.    Horizon incorporates paragraphs 1-102 of the Complaint as though fully set forth herein.

104.    Count III is for unfair competition in violation of N.J.S.A. § 56:4-1.

105.    Horizon is the exclusive owner of all rights, title, and interest in and to the STMT Trade Dress.

106.    Horizon rights in and to the STMT Trade Dress predate any rights that Defendant could claim in and to the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits.

107.    Horizon's STMT Trade Dress is non-functional.

108.    Horizon's STMT Trade Dress is unique for activity-kit packaging.

109.    Horizon's STMT Trade Dress is distinctive as to the source of Horizon's STMT Brand Kits, and has acquired secondary meaning because consumers associate Horizon as the source of STMT Brand Kits featuring the STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kit).

110.    Defendant's use of its confusingly similar packaging trade dress in commerce to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Bath Bombs and Crystal Soaps Kits is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Horizon, and/or that Defendant is a

licensee, authorized distributor, or affiliate of Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits), and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress are authorized, endorsed, sponsored or approved by Horizon, and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress originate with, are connected with, or are associated with Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits) or vice versa.

111.    Upon information and belief, Defendant copied, adopted, and uses its confusingly similar packaging trade dress for its Infringing Bath Bombs and Crystal Soaps Kits in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and commercial success of Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits).

112.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from the sale of Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress, to which it is not entitled in law or equity.

113.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition in violation of N.J.S.A. § 56:4-1.

114.    Horizon has suffered, and will continue to suffer, irreparable harm from Defendant's conduct complained of herein, unless restrained by law.

115.    Horizon has no adequate remedy at law.

**COUNT IV**
*(Unfair Competition Under New Jersey Common Law)*

116.    Horizon incorporates paragraphs 1-115 of the Complaint as though set forth fully herein.

117.    Count IV is for unfair competition in violation of New Jersey Common law.

118.    Horizon is the exclusive owner of all rights, title, and interest in and to the STMT Trade Dress.

119.    Horizon rights in and to the STMT Trade Dress predate any rights that Defendant could claim in and to the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits.

120.    Horizon's STMT Trade Dress is non-functional.

121.    Horizon's STMT Trade Dress is unique for activity-kit packaging.

122.    Horizon's STMT Trade Dress is distinctive as to the source of Horizon's STMT Brand Kits, and has acquired secondary meaning because consumers associate Horizon as the source of STMT Brand Kits featuring the STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kit).

123.    Defendant's use of its confusingly similar packaging trade dress in commerce to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Infringing Bath Bombs and Crystal Soaps Kits is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Horizon, and/or that Defendant is a licensee, authorized distributor, or affiliate of Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs

19

and Crystal Soaps Kits), and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress are authorized, endorsed, sponsored or approved by Horizon, and/or that Defendant, its activities, and/or its Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress originate with, are connected with, or are associated with Horizon and/or Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits) or vice versa.

124.    Upon information and belief, Defendant copied, adopted, and uses its confusingly similar packaging trade dress for its Infringing Bath Bombs and Crystal Soaps Kits in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and commercial success of Horizon's STMT Brand Kits featuring Horizon's STMT Trade Dress (including, without limitation, Horizon's Bath Bombs and Crystal Soaps Kits).

125.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from the sale of Infringing Bath Bombs and Crystal Soaps Kits featuring Defendant's confusingly similar packaging trade dress, to which it is not entitled in law or equity.

126.    Horizon expended substantial labor, skill, time, and resources on developing its Bath Bombs, Crystal Soaps, and Lip Lab Kits.

127.    Defendant misappropriated the labor, skill, time, and resources that Horizon expended on developing Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits by copying the theme, packaging (including the STMT Trade Dress), components, and component-layout and configuration of and for Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits.

128.    By copying the theme, packaging (including the STMT Trade Dress), components, and component-layout and configuration of and for Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits, Defendant is able to sell its Infringing Kits at lower prices than Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits.

129.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from Defendant's copying of the theme, packaging (including the STMT Trade Dress), components, and component-layout and configuration of and for Horizon's Bath Bombs, Crystal Soaps, and Lip Lab Kits, to which Defendant is not entitled in law or equity.

130.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition in violation of New Jersey common law.

131.    Horizon has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

132.    Horizon has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Horizon prays for judgment against Defendant as follows:

A.    A Declaration that Defendant, by its actions alleged herein, has committed trade-dress infringement in violation of the Lanham Act;

B.    A Declaration that Defendant, by its actions alleged herein, has engaged in unfair competition in violation of the Lanham Act, New Jersey statutory law, and New Jersey common law;

C.      An Order preliminarily and permanently enjoining and restraining Defendant, its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in active concert or participation with Defendant, from manufacturing, producing, publishing, distributing, supplying, licensing, using, copying, reproducing, advertising, promoting, displaying, offering for sale, selling, and/or otherwise exploiting any good or service featuring the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits, as well as any other product packaging or designation identical or confusingly similar to Horizon's STMT Trade Dress;

D.      An Order directing Defendant to remove the confusingly similar packaging trade dress that Defendant uses for its Infringing Bath Bombs and Crystal Soaps Kits, as well as any other product packaging or designation that is identical or confusingly similar to Horizon's STMT Trade Dress, from all of Defendant's goods and services, as well as any other web sites or promotional materials, whether electronic, printed or otherwise, under Defendant's direct or indirect dominion or control;

E.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery and destruction of each good and service within Defendant's possession, custody, or control that infringes Horizon's STMT Trade Dress;

F.      An Order directing the seizure, delivery, and destruction of each Infringing Kit within Defendant's possession, custody, or control;

G.      An Order requiring Defendant to account for and pay over to Horizon: (i) any and all profits derived directly and/or proximately by Defendant from the advertising, promotion,

and/or sale of products that infringe Horizon's STMT Trade Dress, and (ii) all damages sustained by Horizon as a result of Defendant's infringement of Horizon's STMT Trade Dress as alleged herein, in amounts to be determined at trial;

H.     An Order requiring Defendant to account for and pay over to Horizon any and all profits derived directly and/or proximately by Defendant from the advertising, promotion, and/or sale of Defendant's Infringing Kits, in amounts to be determined at trial;

I.     A Declaration that Defendant's acts and conduct complained of herein are "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Horizon its reasonable costs and attorneys' fees based thereon;

J.     An Order awarding Horizon statutory and punitive damages;

K.     An Order awarding Horizon pre and post-judgment interest; and

L.     An Order awarding Horizon any further relief this Court deems just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Horizon requests a trial by jury for all issues so triable.

Dated: July 11, 2018
New York, New York

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

Jeremy Boczko (DNJ Bar. No. 031702011)
James E. Rosini (to apply *pro hac vice*)
Jonathan W. Thomas (to apply *pro hac vice*)

One Broadway
New York, New York 10004
Tel.: (212) 425-7200
Fax: (212) 425-5288
Email: JBoczko@HuntonAK.com
Email: JRosini@HuntonAK.com
Email: JThomas@HuntonAK.com

*Attorneys for Plaintiff*
*Horizon Group USA, Inc.*